**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kimberly TORRES, Defendant–
Appellant.**

**No. 06–50420.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2007.*

Filed June 12, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Carol A. Trujillo, AUS, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TROTT and RAWLINSON, Circuit Judges, and KING **, Senior Judge.

## MEMORANDUM ***

Kimberly Torres appeals her conviction for conspiracy to import and conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963.

■ 1. Torres' confession that she was involved in a conspiracy to smuggle marijuana into the United States was sufficiently corroborated by independent and inculpatory evidence, including that Torres was the sole driver and occupant of a vehicle that belonged to someone else and that contained 26.60 kilograms of marijuana. *See United States v. Lopez–Alvarez,* 970 F.2d 583, 592–93 (9th Cir.1992). Accordingly, the district court did not err in denying Torres' motion for acquittal under Federal Rule of Criminal Procedure 29(a) claiming insufficient evidence. *See Lopez–Alvarez,* 970 F.2d at 593.

■ 2. Torres' prior marijuana smuggling conviction was sufficiently similar to the charged offenses to be admissible un-

der Federal Rule of Evidence 404(b). *See United States v. Romero,* 282 F.3d 683, 688 (9th Cir.2002). The danger of any prejudice with respect to consideration of Torres' prior conviction as it related to the conspiracy charges was minimized by the district court's limiting instruction that the evidence of the prior conviction could be considered as to the importation and possession counts, "and for no other purpose." *See id.* at 688 n. 1.

**AFFIRMED.**

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

